Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SONIA L. COLÓN RIVERA LUIS C. LEBRÓN CORDERO<br><br>Parte Apelante<br><br>v.<br><br>FIOLDALIZA PACHECO CARABALLO<br><br>Parte Apelada | TA2025AP00334 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: PA2019CV00262<br><br>Sala: 302<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de octubre de 2025.

Comparece ante *nos*, Sonia L. Colón Rivera (Colón Rivera) y Luis C. Lebrón Cordero (Lebrón Cordero) (en conjunto, los apelantes) y nos solicitan que revisemos una *Sentencia* emitida el 18 de agosto de 2025 y notificada el 19 de agosto de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Guayama. Mediante dicho dictamen, el foro primario declaró *Ha Lugar* la *Reconvención* que presentó Fioldaliza Pacheco Caraballo (Pacheco Caraballo o apelada) y ordenó a la parte apelante el pago de $10,000.00 y una suma en concepto de honorarios de abogado de $2,000.00.

Por los fundamentos que se exponen a continuación, *revocamos* la *Sentencia* apelada.

**I.**

El 28 de octubre de 2019, la parte apelante presentó una *Demanda* en contra de la parte apelada sobre daños y perjuicios y persecución maliciosa. En síntesis, alegaron que son dueños de una

propiedad ubicada en la Calle 1 #54 en la Comunidad Villa Pesquera de Patillas desde el 1986. Arguyeron que, en el 2004, la parte apelada se mudó al solar colindante, el #53. Esgrimieron que, desde el 2004 hasta la fecha habían comparecido al Tribunal y ante las agencias administrativas en nueve (9) ocasiones por ruidos. Agregaron que, Pacheco Caraballo, aprovechando su ausencia, colocó bloques de hormigón sobre la verja de su propiedad y la dejó sin empañetar por su lado.

Además, argumentaron que las actuaciones de la parte apelada constituían persecución maliciosa y abuso injustificado de los procedimientos. Consecuentemente, solicitaron $30,000.00 en daños y angustias morales y mentales.

Posteriormente, el 9 de enero de 2020, Pacheco Caraballo presentó *Contestación a Demanda y Reconvención*. En esencia, negó las alegaciones de la *Demanda*. Acentuó que la verja es de su propiedad. Señaló que, originalmente, la verja tenía tres (3) pies de alto y fue elevada legalmente para tener mayor privacidad. Indicó que ha sufrido persecución, abuso y privación de su derecho a la vida tranquila y al disfrute legítimo de la propiedad. Así, sostuvo que la parte apelante tiene un negocio de alquiler en su casa sin permiso para alquilarla y en violación a las leyes de calidad ambiental y de la Oficina de Reglamentos y Permisos. Añadió que, como consecuencia de lo anterior, ha sufrido profundas angustias mentales, daños físicos, emocionales, desvelos, insomnios y depresiones; por lo cual, solicitó $10,000.00 por los daños sufridos.

El 10 de enero de 2020, la parte apelante presentó *Contestación a Reconvención*. En esta, negó todas las alegaciones de la *Reconvención* por, presuntamente, no ser ciertas.

Luego de varios trámites procesales, el 30 de agosto de 2021, el foro primario emitió una *Sentencia Parcial* mediante la cual desestimó las alegaciones de la *Demanda* relacionadas a los daños

y perjuicios por persecución maliciosa. Dicha *Sentencia Parcial* fue objeto de una revisión por un panel hermano de este Tribunal en el caso KLCE202101244. La *Sentencia* en el caso de referencia fue emitida el 15 de noviembre de 2021 y confirmó la determinación a la que arribó el TPI.

Así las cosas, el 25 de enero de 2023, el foro primario llevó a cabo una Vista Ocular. El 1 de mayo de 2023, notificada el 2 de mayo de 2023, el TPI emitió una *Sentencia Parcial y Orden*. Mediante esta, el foro primario determinó que la verja era medianera y ordenó a la parte apelada a empañetar la verja que da para el lado de los apelantes. Además, determinó que ninguna de las partes presentó evidencia de titularidad, deslinde u otra prueba pericial que acreditase su titularidad sobre la verja.

Sin embargo, el 24 de agosto de 2023, la parte apelante acudió ante *nos* en el caso alfanumérico KLAN202300749. El 12 de octubre de 2023, emitimos una *Sentencia* mediante la cual revocamos la *Sentencia Parcial y Orden.* Allí, determinamos que había errado el TPI al dictar sentencia parcial adjudicando que la verja en controversia era medianera en virtud de una Vista Ocular en la que solo los representantes legales de las partes expresaron sus alegaciones, sin celebrar vista evidenciaria o juicio en su fondo.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 10 de junio de 2025, el foro primario celebró el Juicio en su Fondo, sin la comparecencia de la parte apelante. Entretanto, el 18 de agosto de 2025, el TPI emitió una *Sentencia* mediante la cual declaró *Ha Lugar* la *Reconvención* que presentó Pacheco Caraballo en concepto de daños y ordenó a la parte apelante

el pago de $10,000.00 y una suma en concepto de honorarios de abogado de $2,000.00.[1]

Inconforme, el 11 de septiembre de 2025, la parte apelante compareció ante *nos* mediante una *Apelación Civil* y alegó la comisión del siguiente error:

> Incurrió en error el TPI al celebrar Vista Evidenciaria en ausencia de la parte demandante el 10 de junio de 2025 para escuchar prueba testifical de la demandada sobre los daños alegados por ésta en la Reconvención, aunque desde el 17 de abril de 2024, en el Informe Sobre Conferencia Preliminar Entre Abogados Enmendado y en Vista Sobre Conferencia con Antelación Juicio, celebrada el 27 de febrero de 2024, la demandada había desistido de su Reconvención y la única controversia a ser adjudicada por el TPI era la titularidad de la verja existente entre los dos solares, lo cual es patentemente contrario a derecho.

El 16 de septiembre de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de veinte (20) días a la parte apelada para presentar su posición al recurso. En cumplimiento con dicha *resolución*, el 6 de octubre de 2025, la parte apelante presentó el *Alegato de la Apelada*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Suspensión o transferencia de vista**

La Regla 8.5 de Procedimiento Civil (32 LPRA Ap. V) establece que:

> [t]oda moción de suspensión o de transferencia de vista antes del juicio se hará por escrito y expondrá los fundamentos para tal solicitud. Sólo podrá formularse una solicitud de suspensión verbalmente el día de la vista, fundada en circunstancias extraordinarias no anticipables y fuera del control de las partes o de sus abogados o abogadas. Será el deber de la parte que haga tal solicitud sugerir al menos tres fechas para el nuevo señalamiento, después de haber verificado que la parte contraria no tenga conflicto respecto a las fechas sugeridas. Cualquier estipulación para suspender una vista requerirá la aprobación del juez o de la jueza que preside la sala.

---

[1] Hay que hacer notar que, la *Minuta* de la Conferencia con Antelación al Juicio celebrada el 27 de febrero de 2024 surge que, "[s]e estableció por la demandada que dicha parte desistió de la reconvención".

"La suspensión del señalamiento de una vista es atributo del Tribunal, no del abogado". J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. II, pág. 461. Como corolario de ello, "[l]a suspensión del *juicio* es cuestión que *descansa en la sana discreción del Tribunal ...". Íd.* (Énfasis suplido). El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000).

Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del TPI. Siendo así, el Tribunal Supremo ha manifestado que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724 (2018)

**B. Manejo del caso y las sanciones**

La Regla 37.3 de Procedimiento Civil (32 LPRA Ap. V) regula lo concerniente a la imposición de sanciones económicas por incumplir con las órdenes y los señalamientos relacionados al manejo del caso, sin que medie justa causa. Específicamente, la mencionada disposición reglamentaria establece que:

> [s]i una parte o su abogado o abogada incumple con los términos y señalamientos de esta Regla, o incumple cualquier orden del tribunal para el manejo del caso sin que medie justa causa, el tribunal impondrá a la parte o su abogado o abogada la sanción económica que corresponda. El dinero recaudado por estas sanciones ingresará al Fondo de Acceso a la Justicia para su disposición al amparo de la Ley 165-2013, según enmendada.

Así pues, "[e]l juez sólo tiene discreción para considerar si las razones que brinda la parte o el abogado que incumplió son suficientes para justificar la no imposición de la sanción económica". R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017,

págs. 387. "Claro está, nada impide que posteriormente se impongan sanciones más drásticas, luego de que se aperciba a la parte sobre las consecuencias del incumplimiento y se conceda un tiempo razonable para corregir la situación". *Rivera et. al. v. Arcos Dorados et al.*, 212 DPR 194 (2023).

**III.**

En su *Apelación Civil,* la parte apelante planteó que erró el TPI al celebrar una Vista Evidenciaria en su ausencia, para escuchar prueba testifical de la apelada sobre los daños alegados en la *Reconvención,* aun cuando desde el 17 de abril de 2024, en el Informe Sobre Conferencia Preliminar Entre Abogados Enmendado y en la Vista Sobre Conferencia con Antelación Juicio, celebrada el 27 de febrero de 2024, la demandada había desistido de su *Reconvención.* A esos fines, la única controversia a ser adjudicada por el TPI era la titularidad de la verja existente entre los dos (2) solares, por tanto, arguye es patentemente contrario a derecho.

De un examen detenido del expediente ante nuestra consideración, pudimos constatar que el señalamiento del Juicio en su Fondo fue aplazado en al menos cinco (5) ocasiones. Distinto a la conclusión a la que arribó el foro primario, solo una (1) de estas fue por causas atribuibles a la parte apelante. Así las cosas, llegada la fecha del Juicio en su Fondo, el 10 de junio de 2025, la parte apelante no compareció, ni compareció su representación legal. Tampoco, el TPI realizó ninguna gestión para conocer los pormenores de dicha incomparecencia. Por lo cual, sin más, procedió a celebrar el Juicio en su Fondo tan solo con la comparecencia de la parte apelada.

En atención a ello, el foro primario emitió una *Sentencia* mediante la cual atendió tan solo la *Reconvención* y determinó que la parte apelada sufrió daños. Por consiguiente, declaró *Ha Lugar* la *Reconvención* y ordenó a la parte apelante el pago de $10,000.00 y

una suma en concepto de honorarios de abogado de $2,000.00. No obstante, el TPI no atendió la causa de acción de la titularidad de la verja, a pesar de estar pendiente, luego de que el 12 de octubre de 2023, revocáramos al foro primario.

Ante este escenario, aun cuando la parte apelante tenía el deber de comparecer al Juicio en su Fondo y/o solicitar la suspensión o transferencia a tenor con la Regla 8.5 de Procedimiento Civil, *supra*, no es menos cierto que, el foro primario debió, en primer lugar, apercibir a la parte o imponer sanciones económicas. Así pues, "nada impide que posteriormente se impongan sanciones más drásticas, luego de que se aperciba a la parte sobre las consecuencias del incumplimiento y se conceda un tiempo razonable para corregir la situación". *Rivera et. al. v. Arcos Dorados et al.*, *supra*. Esto, pues existe una política pública imperante, por un lado, de que los casos se ventilen en sus méritos y, por otro lado, de que estos se resuelvan de forma justa, rápida y económica." *Amaro González v. First Fed. Savs.*, *supra*.

**IV.**

Por los fundamentos antes expuestos, *revocamos* la *Sentencia* apelada. En consecuencia, se devuelve el caso al foro primario para la continuación de los procedimientos de acuerdo con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones